(100 South. 53)

No. 24505.

## OLIVER v. NEW ORLEANS RY. & LIGHT CO. et al.

(April 21, 1924.)

*(Syllabus by Editorial Staff.)*

**Appeal and error ☞1011(1)—Trial court's findings of fact on conflicting evidence entitled to great weight.**

Finding of fact, on conflicting evidence, by the trial court in action for injuries against street railway company, is entitled to great weight.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Edna Oliver, widow of Wm. Moton, against the New Orleans Railway & Light Company and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Joseph Rosenberg, of New Orleans, for appellant.

Benj. W. Kernan, of New Orleans, for appellees.

By Division A composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. This is a suit against the New Orleans Railway & Light Company and the National Surety Company of New York, in solido, for the recovery of $3,000 for personal injuries, $100 for medical attention, and $25 for drugs and medicines. These sums are claimed by plaintiff as damages sustained by her as the result of the alleg-

ed negligence of the first-named defendant while she was in the act of alighting from one of its street cars.

The lower court dismissed the suit, and plaintiff has appealed.

The record presents nothing but questions of fact.

Plaintiff relies upon the testimony of herself, her daughter, and two disinterested colored women who were seated on a doorstep about 50 feet from the scene of the accident, engaged in conversation at the time it happened.

Defendant relies upon the testimony of the conductor and motorman of the car, and upon two disinterested witnesses, one of whom was seated near the step of the car and the other was standing in the street at the car step awaiting an opportunity to board the car when the accident occurred.

The testimony is conflicting, and it is impossible to reconcile it; but this court finds that the evidence given by the two disinterested colored women called by plaintiff does not satisfactorily corroborate the statements of the plaintiff and her daughter upon the main allegations of the petition upon which her right to recover rests, while the testimony of the two disinterested witnesses called by the defendant does corroborate the evidence given by the conductor and the motorman.

The theory of the plaintiff is that while she was leaving the car, with one foot on the step and the other in the air, descending towards the ground, the car suddenly started and hurled her with great force upon the pavement. The defense is that the car did not move; that plaintiff was wearing high-heeled shoes; that when she placed her right foot on the car step the heel of that shoe broke off, letting the foot slip past the step to the ground and throwing her back and the back of her head against the car step. All of the witnesses testify that the shoe heel broke off, and all except the plaintiff herself say that she went down on the pavement with one foot under her and her back and the back of her head against the car step.

In this suit the trial judge found that plaintiff had failed to establish her claim, and, from a careful reading of the evidence, we do not see how he could have reached a different conclusion. Moreover, the trial judge heard and saw the witnesses and had an opportunity to accurately estimate which were the most worthy of belief, and we reiterate, what we have often heretofore said, that his finding of fact is entitled to great weight.

For these reasons the judgment of the lower court is correct, and it is therefore affirmed, at appellant's cost.